UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00217 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMARIO MONTREAL HARRIS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Jamario Montreal Harris's ("Harris") Motion for Compassionate Release. See Record Document 51. The Government has opposed Harris's motion. See Record Document 53. For the reasons set forth below, Harris's Motion for Compassionate Release is hereby **DENIED**.[1]

**BACKGROUND**

On August 25, 2017, Harris was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). See Record Document 1. Harris pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Record Documents 28 & 30. Harris was sentenced to 100 months imprisonment. See Record Document 38. He is currently incarcerated at the Federal Bureau of Prisons Correctional Complex in Pollock, Louisiana.

According to the Government, Harris has served 34 percent of his full term and 39.3 percent of his statutory term of imprisonment. He was denied home confinement on

---

[1] Harris has also requested appointed counsel. In accordance with the Standard Procedural Order, the Federal Public Defender's Office has not notified the Court of its intent to enroll or request the appointment of Criminal Justice Act representation. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Harris's request for appointment of counsel is **DENIED**.

April 27, 2020. See Record Document 53. He is projected to be released from custody on November 18, 2025. See Record Document 51. Harris seeks compassionate release due to his chronic asthma. He believes he is at a heightened risk of contacting Covid-19 and believes his circumstances are extraordinary and compelling. See Record Document 51.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Harris moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now

allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Harris has exhausted his administrative remedies.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Harris's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under

Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions

that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Harris believes his asthma and risk of Covid-19 exposure equate to extraordinary and compelling reasons for his release. However, Harris has admitted to being fully vaccinated against COVID-19. See Record Documents 332 at 5. According to the Centers for Disease Control and Prevention, the COVID-19 vaccines available in the United States are highly effective at preventing COVID-19 and may also reduce the risk of serious illness in the case of a COVID-19 infection. See Benefits of Getting a COVID-19 Vaccine, Centers for Disease Control and Prevention, medical conditions, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited September 23, 2021). Thus, even with his medical conditions, there is no extraordinary and compelling reason supporting compassionate release in light of his vaccination status. See generally U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021); U.S. v. Jones, No. 14-154, 2021 WL 1172537 (E.D. La. 03/29/2021); U.S. v. White, No. 11-287, 2021 WL 3021933 (W.D. La. 07/16/2021).

Notwithstanding, even if this Court were to find that Harris had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Harris has an extensive criminal history which includes weapons charges, batteries, domestic abuse, and a drug charge. See Record Document 40. In the events which resulted in Harris's instant conviction, he stole a firearm and pointed it at the victim before he sold it on the street. See Record Document 53. Additionally, Harris has performed poorly while under supervision and has had both his probation and parole

revoked for committing new crimes. Lastly, Harris admitted to possessing a weapon while incarcerated. See Record Document 53. It is this Court's belief that a reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Harris's Motion for Compassionate Release (Record Document 332) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT